By the Court.—Sedgwick, Ch. J.
This is not a case where the plaintiff, in order to comply with subdivision -4 of section 872 of the Code of Civil Procedure, and Buie 83, has placed himself upon the use of the very words of the Code, in his affidavit, as to the testimony of the defendant being material and necessary for the plaintiff for the prosecution of the action. He has used the words, but other parts of the affidavit affect an inference, which might have been drawn from them if they had been used by themselves.
The testimony alleged by the affidavit to be material and necessary,' is confined by the affidavit to the counter-claim. The affidavit averred that for a counterclaim," the defendant alleges and claims that, by rea *492 son of the misrepresentations of the plaintiff and of his mismanagement of said business, and. said plaintiff’s failure to perform promises, the defendant has suffered loss and damage ; that the necessity for the order was that the circumstances connected with the counterclaim are peculiarly within defendant’s knowledge, as to when, where, and in what manner such losses, mismanagement, and false representations were made, “and that this plaintiff has no knowledge of such losses or mismanagement, or any power of obtaining-such information otherwise through the testimony of this defendant.” It in this way appears that the affidavit does not show the testimony to be material and necessary, for the affiant swears that he has no knowledge or belief as to what matters the defendant can testify. The plaintiff might have shown that he had knowledge enough to allege in the affidavit that there were no losses, &c., and that he wished the defendant’s testimony for the purpose of showing it. The affidavit contains nothing to that effect.
The affidavit is insufficient in another respect. The rule is that it must appear from the papers, by inference or direct assertion, that it is the intention of the party applying to use the examination upon the trial. But there are specific statements which show the intention of the plaintiff, as to the use to be made of the proposed deposition. The affidavit declares, “ that this application is made in good faith", to preserve the expected testimony, and under a legitimate claim of discovery ; that the plaintiff cannot properly proceed to trial, without such testimony aforesaid.” The implication is that these are the only purposes for which the plaintiff desires the examination, and none of them is a purpose to use the testimony on the trial.
The order appealed from is affirmed with $10 costs.
Freedman, J., concurred.